# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTONIO L. MORGAN, )
)
    Plaintiff, )
)
v. ) Case No. CV406-263
)
AL ST. LAWRENCE, *Sheriff*; )
MCARTHUR HOLMES, *Jail* )
*Administrator*; ANGELA DORSEY, )
*Program Administrator*, )
)
    Defendants. )

## ORDER

On February 28, 2008, defendants filed a motion for sanctions or, alternatively, a motion to compel the plaintiff to respond fully to their initial interrogatories and request for production of documents. (Doc. 15-16.) For the following reasons, defendants' motion to compel is **GRANTED**.

Defendants served plaintiff with their initial interrogatories and request for production of documents on January 2, 2008. (Doc. 15 at 1.) On January 7, 2008, plaintiff served defendants with his

wholly inadequate responses to their interrogatories. (Id.) Plaintiff failed to make any response to defendants' request for production of documents. (Id.) In a good faith effort to avoid filing a motion to compel, defendants' counsel sent plaintiff a letter on February 5, 2008 requesting responsive answers to their interrogatories and a response to their request for production of documents. (Doc. 16 Ex. C.) In a certificate filed pursuant to Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure, counsel for defendants certified that she made a good faith effort to obtain complete discovery responses through her February 5, 2008 letter, and that as of February 28, 2008 she has yet to receive any additional discovery responses from plaintiff. (Doc. 16 Ex. D.) Defendants ask this Court to enter an order either dismissing this action or compelling plaintiff to respond fully to their discovery requests. (Doc. 15 at 3.)

Federal Rule of Civil Procedure 37(a)(3)(B) provides that if a party fails to answer an interrogatory submitted under Rule 33 or fails to respond to a request for production of documents under Rule 34, the party seeking discovery may move to compel disclosure

and for appropriate sanctions. Rule 37(a)(4) explains that for purposes of subdivision (a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." The motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Rule 37(a)(5)(A) explains that if the Court grants the motion to compel, it "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "circumstances make an award of expenses unjust."

In plaintiff's response entitled "Answer to Crook's First Interrogatories to Plaintiff," he begins by stating that "I don't have to give you nothing." (Doc. 15 Ex. B) He proceeds to call the defendants "crooks," "vermin," "idiots," and "assholes." (Id. at 1-3.) In addition, he threatens defendants and their counsel, warning them to "prepare to be conquered and enslaved" and that he will

3

"punish" them "through law and order." (Id. at 1, 3.)  Finally, plaintiff, who fashions himself "Vajeeta Abdul Latìf Ra', Supreme Ruler and Inter Galactic Enforcer of Allah (God) The Supreme Being," states that he has "better issue[s] to attend to than to answer . . . question[s] for such transitory beings." (Doc. 16 at 1.)

The Court has rarely, if ever, received responses to interrogatories as evasive, rude, and threatening as plaintiff's. Since defendants have demonstrated that they acted in good faith to resolve the discovery dispute, and plaintiff has failed to comply with his discovery obligations, the Court **GRANTS** defendants' motion to compel.  Plaintiff is directed to respectfully and completely answer defendants' interrogatories.  In addition, plaintiff must respond to defendants' request for production of documents.  Plaintiff is further directed to show cause, within ten day of this Order, why he should not be required to pay the defendants' reasonable expenses incurred in making this motion to compel, including attorney's fees.

Plaintiff is warned that failure to comply with this Order may result in further more severe sanctions, including, but not limited to, dismissal of his case. Fed. R. Civ. P. 37(b)(2)(A).

For the foregoing reasons, defendants' motion to compel is **GRANTED**. Plaintiff is **DIRECTED** to respond to defendants' interrogatories and request for production of documents. Plaintiff is further **DIRECTED** to show cause, within ten days of entry of this Order, why he should not be required to pay defendants' expenses incurred in making the current motion.

**SO ORDERED** this  5th  day of March, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**