# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTONIO L. MORGAN,  )
                    )
    Plaintiff,      )
                    )
v.                  )  Case No. CV406-263
                    )
AL ST. LAWRENCE, *Sheriff*;  )
MCARTHUR HOLMES, *Jail*      )
*Administrator*; ANGELA DORSEY, )
*Program Administrator*,     )
                    )
    Defendants.     )

## ORDER

On February 28, 2008, defendants filed a motion for sanctions or, alternatively, a motion to compel the plaintiff to respond fully to their initial interrogatories and request for production of documents. (Doc. 15-16.) After finding that the defendants had made a good faith effort to resolve the discovery dispute without court involvement, this Court granted their motion to compel. (Doc. 17.) The Court ordered plaintiff to show cause, within ten days of entry of that order, why he should not be required to pay

defendants' expenses incurred in making their motion for sanctions. (Id.) More than ten days have passed and plaintiff has failed to respond to the Court's order.[1]

Rule 37(a)(5)(A) explains that if the Court grants a motion to compel, it "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Plaintiff has failed to avail himself of the opportunity to show cause why he should not have to pay defendants' expenses incurred in filing their motion to compel. In addition, the Court finds no circumstances making an award of expenses unjust in this case. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "[c]ourts can assess costs and monetary sanctions against IFP litigants.").

Since plaintiff has failed to show cause why he should not have to pay defendants' reasonable costs and fees incurred in filing

---

[1] Plaintiff is warned that pursuant to Local Rule 41.1, the Court may dismiss any action for want of prosecution for (1) failure to permit or provide discovery within the time set forth in an order compelling discovery, (2) willful disobedience or neglect of any order of the Court, or (3) any other failure to prosecute a civil action with reasonable promptness.

2

their motion to compel discovery, the Court **GRANTS** their motion for sanctions. Defense counsel is **ORDERED** to submit an affidavit setting forth the *reasonable*[2] expenses incurred with respect to the filing of their motion to compel and motion for sanctions within twenty days of the entry of this Order. Plaintiff shall have ten days from the filing of defendants' affidavit to object to the fees and costs claimed. Plaintiff is reminded that failure to comply with this Court's March 5, 2008 Order directing him to respond to defendants' interrogatories and request for production of documents will likely result in the dismissal of his case.

**SO ORDERED** this __31st__ day of March, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court gives emphasis here because it has grown weary of receiving inflated and overblown expense statements from the prevailing party in a discovery dispute.

3