# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTONIO L. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV406-263 |
| | ) | |
| AL ST. LAWRENCE, *Sheriff*; | ) | |
| MCARTHUR HOLMES, *Jail* | ) | |
| *Administrator*; ANGELA DORSEY, | ) | |
| *Program Administrator*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is defendants' motion to dismiss plaintiff's complaint on the ground that he has failed to provide discovery and has failed to obey court orders regarding discovery. (Doc. 19.) For the reasons that follow, defendants' motion should be **GRANTED**.

On November 3, 2006, plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional right to practice his religion at the county jail. (Doc. 1.) On February 28, 2008, after receiving incomplete responses to their interrogatories, defendants

filed a motion for sanctions or, alternatively, to compel plaintiff to respond fully to their interrogatories and requests for the production of documents. (Docs. 15-16.) This Court entered an Order on March 5, 2008, granting defendants' motion to compel and ordering plaintiff to respond to defendants' discovery requests. (Doc. 17.) In addition, the Court ordered the plaintiff to show cause, within ten days of the Order, why he should not be required to pay defendants' reasonable expenses incurred in preparing the motion to compel. (Id.) To date, plaintiff has failed to furnish additional discovery as directed. (Doc. 19 at 2.) Nor did he respond to the Court's show cause Order. (Id.) Because plaintiff failed to respond to the show cause Order, the Court granted the defendants' motion for sanctions. (Doc. 20.) Defendants then filed the instant motion to dismiss. (Doc. 19.)

## I. MOTION TO DISMISS

Federal Rule of Civil Procedure 37(b)(2)(A)(v) authorizes the Court to dismiss an action if a party fails to obey an order to provide discovery. In addition, Local Rule 41.1 authorizes the Court to dismiss an action with or without prejudice where a party fails to permit or provide

discovery within the time set forth in an order compelling discovery, willfully disobeys or neglects a Court order, or otherwise fails to prosecute a civil action with reasonable promptness.

In this case, dismissal would be appropriate for any of the reasons set forth in Local Rule 41.1. Plaintiff failed to provide discovery to defendants despite the Court's Order directing him to do so. In addition, plaintiff has failed to respond to any of the Court's Orders and has not been heard from since the filing of his complaint on November 3, 2006, thus indicating his lack of interest in prosecuting this case. Accordingly, this case should be **DISMISSED**.

## II. MOTION FOR SANCTIONS

In response to the Court's Order of March 31, 2008 granting defendants' motion for sanctions (Doc. 20), defendants' counsel filed an affidavit stating that she spent 1.25 hours, at a rate of $120.00 per hour, in preparing the motion to compel and that she incurred additional costs of $19.00, for a total amount of $169.00. (Id. at 4.) Plaintiff has not filed any objections to the fees and costs claimed.

Rule 37 sanctions serve multiple purposes: (1) compensating the Court and other parties for the added expenses caused by discovery abuses; (2) compelling discovery; (3) deterring future abuses; and (4) penalizing the offending party. Wouters v. Martin County, Fla., 9 F.3d 924, 933 (11th Cir. 1993). To determine the proper amount of attorney's fees to be included in defendants' award, the court will apply the lodestar method, under which it multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." United States v. Patrol Servs., Inc., 202 F. App'x 357, 359 (11th Cir. 2006) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The lodestar method requires "[t]he fees applicant [to] produce satisfactory evidence that the requested rate is in line with prevailing market rates." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Further, a court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id.

The Court also must determine whether the fees applicant spent a reasonable number of hours on the matter, eliminating from its

calculation any hours that were redundant or unnecessary. <u>Oxford Asset Mgmt., Ltd. V. Jaharis</u>, 297 F.3d 1182, 1197 (11th Cir. 2002).

Here, defendants' counsel contends that the rate of $120.00 per hour "is more than reasonable and less than customary in this community." (Doc. 21 at 4.) The Court agrees. Defendants' counsel attached an exhibit to her affidavit detailing how she spent her time in this case as follows: .25 hours preparing the good faith letter, .5 hours preparing the motion for sanctions, and .5 hours preparing the affidavit in support of attorney's fees and expenses. (<u>Id.</u>, Exhibit B.) Based on its own knowledge and experience, the Court acknowledges that this was a reasonable number of hours to spend on the matter. Therefore, the Court finds that the total amount of attorney's fees and costs recoverable in this matter equals $169.00.

### III. CONCLUSION

For the foregoing reasons, this action should be **DISMISSED**. Pursuant to the Court's March 31, 2008 sanctions order, plaintiff is responsible for $169.00 in attorney's fees and costs. Accordingly, it is

**ORDERED** that plaintiff shall pay defendants' counsel $169.00 for the costs she incurred in filing the motion for sanctions.[1]

**SO REPORTED AND RECOMMENDED** this  1st  day of May, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[1] Defendants' motion to extend discovery (Doc. 22) is denied as moot.